IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~EASTERN~~ SOUTHERN DIVISION

RECEIVED
2006 FEB 15 A 10: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| EARNEST MITCHELL and BETTY JEAN MITCHELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Action No.: 1:06cv140-WKW |
| DARRELL EMRICK, GARBER AG FREIGHT, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, and 1441, the Defendants designated as Darrell Emrick, an individual, and Garber AG Freight, Inc., a corporation, (collectively, the "Defendants") hereby file this Notice of Removal of said action from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for this removal, Defendants state as follows:

1. Plaintiffs Earnest Mitchell and Betty Jean Mitchell (hereinafter, "Plaintiffs") instituted this action against Defendants in the Circuit Court of Houston County, Alabama. The Plaintiffs filed their complaint (hereinafter "the Complaint") on December 16, 2005, and said case was labeled as Civil Action No. CV-05-779 in the Circuit Court of Houston County, Alabama.

2. Both Defendants were served with the Complaint on January 20, 2006. The complaint was served on Defendants within thirty (30) days prior to the filing of this Notice of Removal.

3. True and correct copies of the complaint and all process, pleadings, and orders served on all Defendants in said case are attached hereto as Exhibit "A."

4. The Plaintiff's Complaint contains allegations regarding negligence and wantonness, including negligent or wanton entrustment, hiring and supervision, and loss of consortium, all of which are related to a motor vehicle accident involving Plaintiffs and Defendant Darrell Emrick.

5. This Court has original jurisdiction of this action under 28 U.S.C. § 1332 by reason of the following facts:

   a. Plaintiffs are, and were at commencement of this action, citizens and residents of the State of Michigan.

   b. Defendant Garber AG Freight, Inc. is and was at the commencement of this action, a corporation incorporated in the State of Ohio with its principal place of business located in Greenville, Ohio.

   c. Defendant Darrell Emrick is, and was at the commencement of this action, a citizen and resident of the State of Ohio.

   d. Although no specific amount is demanded in the complaint, the matter in controversy exceeds the requisite jurisdictional amount of $75,000.00 in 28 U.S.C. § 1332(a).

   e. Said action is a civil action of which the United States District Court for the Middle District of Alabama has original jurisdiction under the provisions of 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and is one which may be removed

to the United States District Court for the Middle District of Alabama by Defendants pursuant to the provisions of 28 U.S.C. § 1441 et seq., as amended.

6.      If Plaintiffs are allowed to proceed under the claims asserted in the Complaint, then the evidence shows that said claims, more likely than not, may exceed $75,000.00. See Michigan Manufacturers Service v. Robertshaw Controls Co., 134 F.R.D. 154 (E.D.Mich. 1991); Kilpatrick v. Martin K. Eby Construction Co. Inc., 708 F.Supp. 1241 (N.D.Ala. 1989); Richman v. Zimmer, 644 F.Supp. 540 (S.D.Fla. 1986); Corwin Jeep Sales v. American Motors Sales, 670 F.Supp. 591 (M.D.Pa. 1986); Swafford v. Transit Casualty Company, 486 F.Supp. 175 (N.D.Ga. 1980).

7.      A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (noting that to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"); Kennard v. Harris Corp., 728 F. Supp. 453 (E.D. Mich. 1989). As stated in White v. J.C. Penney Life Ins. Co., 861 F. Supp 25, 26 (S.D. W.Va. 1994), the "rule could hardly be otherwise. For if it were, any Plaintiff could avoid removal simply by declining, as the Plaintiff has done here, to place a specific dollar value upon its claim." Id.

8.      While a removing defendant has the burden of proving the existence of federal jurisdiction, "[w]here a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). "Thus, . . . where a plaintiff has

made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000]¹ jurisdictional requirement." Tapscott, 77 F.3d at 1357.

9. For purposes of establishing the jurisdictional amount "multiple claims for relief can and should be considered together in determining the amount in controversy, since there may be multiple recoveries if plaintiffs succeed on each claim." Howard v. Globe Life Ins. Co., 973 F. Supp. 1412, 1418 (M.D. Fla. 1996) (citing with approval Pipes v. American Security Ins. Co., CV 96-H-206-NE (N.D. Ala. February 29, 1996)); 14A Wright and Miller, Federal Practice and Procedure § 3704 (value of claims are added together to determine jurisdictional amount) (citing Bullard v. City of Cisco, 290 U.S. 179 (1933)).

10. In addition to claims for compensatory damages, the Plaintiffs here also claim punitive damages. The law is clear that a claim for "punitive damages" may augment compensatory damages in determining the amount in controversy. Fuller v. Exxon Corp., 78 F. Supp. 2d 1289, 1296 (S.D. Ala. 1999): see also Bell v. Preferred Life Assurance Society, 320 U.S. 238 (1943); Tapscott, 77 F.3d at 1359; Bolling v. Union Nat. Life Ins. Co., 900 F. Supp. 400 n. 6 (M.D. Ala. 1995) ("punitive damages, if available, are to be considered in determining the amount in controversy") (citing Holley Equipment Co. v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987).

11. The plaintiffs here have alleged claims of negligence and wantonness. It is well settled that punitive damages are to be awarded where the plaintiff offers proof of wantonness on

---

¹Tapscott was based on the former $50,000 jurisdictional amount under 28 U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdictional amount to $75,000, so the actual quote from Tapscott says "$50,000."

4

the part of the defendant. Kmart Corp. v. Peak, 757 So. 2d 1138, 1145 (Ala. 1999). Moreover, both punitive and compensatory damage awards in excess of $75,000.00 in automobile accident cases where the plaintiff has alleged negligence and wantonness on the part of the defendant are commonly granted in Alabama. See, e.g., Lemond Constr. Co. v. Wheeler, 699 So. 2d 855, 863 (Ala. 1995) (upholding an award of $3,500,000.00 in punitive damages for wanton conduct contributing to an automobile accident in case originating from the Circuit Court of Chambers County, Alabama); Waters v. Williams, 821 So. 2d 1000, 1007 (Ala. Civ. App. 2001) (upholding jury verdict of $250,000.00 on claims of negligence, wantonness and negligent entrustment arising from rear-end collision); Hornady Truck Line, Inc. v. Meadows, 847 So. 2d 908 (Ala. 2002) (upholding compensatory damage awards ranging between $1,000,000.00 and $2,000,000.00 to each of four plaintiffs in consolidated cases arising out of a single automobile accident).

12. Further, "where it is not readily apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional minimum at the time of removal, federal courts may examine affidavits and other evidence to help determine the amount in controversy." Fuller, 78 F. Supp. 2d at 1295. Thus, the Alabama Jury Verdict Reporter is instructive on this matter. According to The Alabama Jury Verdict Reporter, in 2005, the average award of verdicts from 2002-2005 in favor of plaintiffs in an automobile negligence case in Alabama was $391,048. The Alabama Jury Verdict Reporter, Year in Review, 2005, 4 (The Alabama Jury Verdict Reporter Year in Review 2005) (4th ed. January, 2006) (attached hereto as Exhibit "B"). In the Southeast territory of Alabama, which includes a sampling of counties within the Middle District of Alabama, the average award of verdicts in favor of plaintiffs in an automobile negligence case

5

in 2002 was $1,024,256.00. Id. Additionally, in the four largest automobile negligence verdict cases of 2005, the defendant was driving a commercial truck, as is the case here. Id. at 20.

13.  Further, although the Plaintiffs have failed to specify a certain amount of damages in their Complaint, they have alleged that their damages will continue to grow due to the necessity of future treatment.

14.  Based on the foregoing, the Defendants have met their burden that the amount in controversy exceeds the jurisdictional amount. As such, this court should find accordingly.

15.  The time within which Defendants are required to answer or respond to the Complaint in state court has not expired.

16.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Houston County, Alabama, and served on all parties to this action.

17.  Pursuant to Rule 81(c) of the *Federal Rules of Civil Procedure*, the Defendants will answer and/or present other defenses or objections to the Plaintiff's complaint.

Respectfully submitted this 14th day of February, 2006.

Cecil H. Macoy, Jr. (MAC 017)
Glenn G. Waddell (WAD013))

Attorneys for Defendants Darrell Emrick and Garber AG Freight, Inc.

6

OF COUNSEL:

WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
(205) 870-0555
(205) 871-7534 (Fax)

## CERTIFICATE OF SERVICE

     I do hereby certify that I have on this 14th day of February, 2006, served a copy of the foregoing on all counsel of record by mailing the same by United States Mail, postage prepaid and properly addressed as follows:

Tracy W. Cary, Esq.
3334 Ross Clark Circle
P.O. Box 1649
Dothan, Alabama 36302

_____
Of Counsel