# EXHIBIT A

| State of Alabama Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>C V 2005 ☐☐☐ ☐☐☐ . ☐☐<br>Date of Filing:<br>12 14 2005    Judge Code: ☐☐☐☐<br>Month    Day    Year |

**GENERAL INFORMATION**

IN THE CIRCUIT COURT OF _____ HOUSTON _____, ALABAMA
(Name of County)

EARNEST MITCHELL                    v.    DARRELL EMRICK et al.
Plaintiff                                        Defendant

First Plaintiff    ☐ Business    ☑ Individual        First Defendant    ☐ Business    ☑ Individual
                   ☐ Government  ☐ Other                                  ☐ Government  ☐ Other

**NATURE OF SUIT:**    Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):    F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER: _____
                                                              DISTRICT COURT
                            R ☐ REMANDED                T ☐ TRANSFERRED FROM
                                                              OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?    ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:    ☐ MONETARY AWARD REQUESTED        ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
CAR20918        12/14/05        _____
                Date            Signature of Attorney/Party filing this form

MEDIATION REQUESTED:    ☐ YES    ☐ NO    ☑ UNDECIDED

AVSO350

ALABAMA JUDICIAL DATA CENTER
HOUSTON    COUNTY

SUMMONS

CV 2005 000779.00 H

```
--------------------------------------------------------------------
                 IN THE CIRCUIT  COURT OF  HOUSTON        COUNTY
 EARNEST & BETTY JEAN MITCHELL VS DARRELL EMRICK & GARBER AG FREIGHT
        SERVE ON: (D002)

        SSN: 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                PLAINTIFF'S ATTORNEY

        GARBER AG FREIGHT INCORPORATED      CARY TRACY WAYNE
        %BENJAMIN E GARBER AGENT            3334 ROSS CLARK CIRCLE
        3121 US ROUTE 36 WEST               P O BOX 1649
        GREENVILLE    ,OH  45331-0000       DOTHAN        ,AL  36303-0000
--------------------------------------------------------------------
TO THE ABOVE NAMED DEFENDANT:
    THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

    THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
--------------------------------------------------------------------
    ( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
          4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
          YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
          COMPLAINT IN THIS ACTION UPON DEFENDANT.

    ( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
          WRITTEN REQUEST OF            PURSUANT TO RULE 4.1(C)
          OF THE ALABAMA RULES OF CIVIL PROCEDURE.

    DATE: 01/17/2006                        CLERK JUDY BYRD
                                            PO DRAWER 6406
                                            DOTHAN  AL  36302
--------------------------------------------------------------------
        RETURN ON SERVICE:
    ( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
          (RETURN RECEIPT HERETO ATTACHED)
    ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
          COMPLAINT TO _____
          IN _____ COUNTY, ALABAMA ON (DATE) _____

    DATE _____    SERVER SIGNATURE _____

    SERVER ADDRESS _____    TYPE OF PROCESS SERVER _____
--------------------------------------------------------------------
OPERATOR: LIL
PREPARED: 01/18/2006
```



## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

DEC 16 2005

EARNEST MITCHELL and )
BETTY JEAN MITCHELL, )
)
    PLAINTIFFS, )
)
vs. )   CASE NO. : CV 2005- 779 H
)
DARRELL EMRICK, )   JURY DEMAND
GARBER AG FREIGHT, INCORPORATED )
and Fictitious Defendants "A", "B", and/or "C" being that person or persons who
owned, controlled and/or operated the vehicles that proximately caused the motor
vehicle accident on January 13, 2004 or those persons who hired, trained or supervised
Darrell Emrick, or who are otherwise responsible for the damages to the Plaintiffs, who
are unknown at this time but will be added by proper amendment when ascertained,
)
    DEFENDANTS. )

### COMPLAINT

    COME NOW the Plaintiffs by and through their undersigned counsel and hereby allege

and state as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1.     Plaintiff, Earnest Mitchell, is over the age of nineteen and was a resident and citizen

of Detroit, Michigan, at all times material hereto.

2.     Plaintiff, Betty Jean Mitchell, is the wife of Plaintiff Earnest Mitchell, is over the age

of nineteen and was a resident and citizen of Detroit, Michigan, at all times material hereto.

3.     Upon information and belief, Defendant Darrell Emrick (hereinafter "Emrick") is

over the age of nineteen and was a resident of Greenville, Ohio, at all times material hereto.

4.     Defendant Garber AG Freight, Inc. (hereinafter "Garber AG Freight") is a

corporation registered under the laws of the State of Ohio and was doing business in the State

of Alabama through agents, including Defendant Emrick, on the date of the incident made

the basis of Plaintiffs' Complaint and is therefore subject to the jurisdiction of this Court.

1

5.     The motor vehicle collision that forms the basis of this lawsuit occurred in Dothan, Houston County, Alabama on or about January 13, 2004.

6.     The amount in controversy, exclusive of attorney fees and costs, exceeds the minimum jurisdictional requirements of this Court.

### COUNT I: NEGLIGENCE AND/OR WANTONNESS

7     The Plaintiffs hereby incorporate the foregoing material paragraphs as though fully set out herein.

8.     On or about January 13, 2004, Plaintiff Earnest Mitchell was driving a 2004 Chevrolet with his wife Betty Jean Mitchell as a passenger in said vehicle traveling on the public roadways of Dothan, Houston County, Alabama.

9.     In particular, Plaintiffs Earnest Mitchell and Betty Jean Mitchell were respectively driver and passenger of a vehicle traveling east on the Ross Clark Circle in Dothan, Alabama at approximately 10:00 o'clock a.m. on January 13, 2004.

10.     As Plaintiffs approached the intersection of the Ross Clark Circle and Reeves Street, Plaintiffs yielded the right of way to an emergency vehicle traveling with flashing lights and warning siren.

11.     On said date and time, Defendant Emrick was driving a 1998 tractor-trailer that was owned, leased, controlled or maintained by Defendant Garber AG Freight or Fictitious Defendants A, B or C.   In his capacity as driver for Defendant Garber AG Freight or Fictitious Defendants A, B or C, Defendant Emrick was the agent of Defendant Garber AG Freight or Fictitious Defendants A, B or C.

2

12.    As Defendant Emrick approached the intersection of the Ross Clark Circle and Reeves Street, Defendant's commercial vehicle was behind the vehicle occupied by the Plaintiffs.

13.    At said date and time, Defendant Emrick owed Plaintiffs the duty to keep a lookout for others and to exercise due care to anticipate the presence of others, including emergency vehicles on the public roadways.

14.    On said date, Defendant Emrick failed to exercise due care and did negligently, recklessly, and/or wantonly operate a motor vehicle so as to cause it to collide with the vehicle occupied by Plaintiffs Earnest and Betty Jean Mitchell.

15.    As a direct and proximate result of the negligence, recklessness, and/or wantonness of the Defendants, Plaintiff Earnest Mitchell was injured and damaged as follows:

    (a)    Plaintiff was caused to be shaken violently and knocked about in the vehicle;

    (b)    Plaintiff was caused to suffer physical pain and will continue to suffer same in the future.

    (c)    Plaintiff incurred medical expenses and will continue to incur medical expenses in the future.

    WHEREFORE, THE PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants for damages in such amount as a jury or trier of fact may award sufficient to punish the Defendants and/or Fictitious Defendants A, B and C for their wrongful conduct plus an award of costs and expenses as allowed by law.

### COUNT III: NEGLIGENT HIRING, TRAINING AND SUPERVISION

16.    Plaintiffs hereby incorporate by reference each previously stated material paragraph as if fully restated herein.

3

17.    On or about January 13, 2004, Defendant Emrick, acting as an employee and or agent of defendant Garber AG Freight, Inc., negligently, wantonly, and/or recklessly operated the vehicle owned by Garber AG Freight causing it to collide with a vehicle occupied by Plaintiffs Earnest Mitchell and Betty Jean Mitchell.

18.    On such date and prior thereto, Defendant Emrick was unqualified, incapable or incompetent to operate the vehicle owned by Defendant Garber AG Freight, and which was involved in the collision, causing the injuries of Plaintiff Earnest Mitchell. Defendants knew or should have known of Defendant Emrick's abilities or qualifications yet negligently, wantonly, and or recklessly hired, trained, employed, and/or supervised defendant Emrick.

19.    As a direct and proximate result of the negligent, wanton, and/or reckless hiring, training, employment and/or supervision of Defendant Emrick by Defendant Garber AG Freight, Inc., Plaintiffs Earnest Mitchell was caused to endure pain and suffering and to suffer severe personal injuries.

WHEREFORE, Plaintiff demands judgment against Defendants and/or Fictitious Defendants A through C for damages in an amount sufficient to compensate for all injuries and losses proximately caused by the wrongful conduct of the Defendants and/or Fictitious Defendants A through C. Additionally, Plaintiffs demand an amount sufficient to punish the Defendants and/or Fictitious Defendants A through C for their wrongful conduct plus an award of costs and expenses as allowed by law.

## COUNT III: LOSS OF CONSORTIUM

20.    Plaintiffs hereby incorporate by reference the foregoing material paragraphs of this Complaint as though fully set forth herein.

4

21.   On January 13, 2004, Plaintiff Earnest Mitchell was operating a motor vehicle on the public roadways of Dothan, Houston County, Alabama.

22.   On said date, in Dothan, Houston County, Alabama, Defendant Emrick and/or Fictitious Defendants A, B, and C did negligently and/or wantonly operate a motor vehicle.

23.   As a direct result of the negligence and/or wantonness of the Defendants, the Plaintiff was caused to be injured.

24.   Plaintiff Betty Jean Mitchell lost the support and services of Plaintiff Earnest Mitchell from the date of his injury and future loss of support and services, loss of the Plaintiff's companionship, pain and suffering and medical expenses due to the Plaintiff's injury and paid by them.

WHEREFORE, Plaintiff Betty Jean Mitchell demands judgment against Defendants and/or Fictitious Defendants A, B and C for damages in an amount sufficient to compensate for all injuries and losses proximately caused by the wrongful conduct of the Defendants and/or Fictitious Defendants A, B and C, plus an award of costs and expenses as allowed by law.

## COUNT IV: FICTITIOUS DEFENDANTS

25.   Plaintiffs hereby incorporate by reference the foregoing material paragraphs of this Complaint as though fully set forth herein.

26.   Plaintiffs further aver that the negligence and/or wantonness of the fictitious Defendants A, B, and C concurred with the negligence and/or wantonness of the other Defendants to proximately cause the injuries of the Plaintiffs as set forth above.

WHEREFORE, ALL PREMISES CONSIDERED, Plaintiffs demand judgment against fictitious defendants for compensatory and punitive damages for whatever sums a jury or the trier of fact may award plus the costs of this action.

5

Respectfully submitted on this the ___14th___ day of December 2005.

MORRIS, CARY, ANDREWS, TALMADGE & JONES, LLC

TRACY W. CARY (CAR028)
Attorneys for Plaintiff
3334 Ross Clark Circle (36303)
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420 Tel
(334) 673-0077 Fax
tcary@mcatlaw.com

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Tracy W. Cary

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Darrell D. Emrick
3523 Vietor Road
Greenville, Ohio 45331

Garber AG Freight, Inc.
Benjamin E. Garber, Registered Agent
3121 US Route 36 West
Greenville, Ohio 45331

6



## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

DEC 16 2005

EARNEST MITCHELL and                )
BETTY JEAN MITCHELL,                 )
                                     )
        PLAINTIFFS,                  )
                                     )
vs.                                  )    CASE NO. : CV 2005- 779-H
                                     )
DARRELL EMRICK,                      )
GARBER AG FREIGHT, INCORPORATED      )
and Fictitious Defendants "A", "B", and/or "C" being that person or persons who owned,
controlled and/or operated the vehicles that proximately caused the motor vehicle accident
on January 13, 2004 or those persons who hired, trained or supervised Darrell Emrick, or
who are otherwise responsible for the damages to the Plaintiffs, who are unknown at this
time but will be added by proper amendment when ascertained,
                                     )
                                     )
        DEFENDANTS.                  )

### NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that at a time, date and place to be determined by agreement if possible,
Plaintiff will take the deposition of **Defendant Darrell Emrick** upon oral examination before an Official
Court Reporter authorized by law to administer oaths. This deposition is being taken for the purpose of
discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the
applicable and governing rules. Said deposition shall continue day to day until complete.

Respectfully submitted on this the 14th day of December 2005.

MORRIS, CARY, ANDREWS, TALMADGE & JONES, LLC

TRACY W. CARY (CAR096)
Attorneys for Plaintiff
3334 Ross Clark Circle (36303)
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420 Tel
(334) 673-0077 Fax
tcary@mcatlaw.com

**PLAINTFFS REQUEST THE FOREGOING DISCOVERY DOCUMENTS BE SERVED
ON THE DEFENDANT ALONG WITH A COPY OF THE COMPLAINT AND
SUMMONS FILED HEREIN.**

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

EARNEST MITCHELL and                    )
BETTY JEAN MITCHELL,                     )
                                         )
        PLAINTIFFS,                      )
                                         )
vs.                                      )   CASE NO. : CV 2005-_____
                                         )
DARRELL EMRICK,                          )
GARBER AG FREIGHT, INCORPORATED          )
and Fictitious Defendants "A", "B", and/or "C" being that person or persons who owned,
controlled and/or operated the vehicles that proximately caused the motor vehicle accident on
January 13, 2004 or those persons who hired, trained or supervised Darrell Emrick, or who
are otherwise responsible for the damages to the Plaintiffs, who are unknown at this time but
will be added by proper amendment when ascertained,
                                         )
        DEFENDANTS.                      )

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
## DEFENDANT GARBER AG FREIGHT, INC.

COME NOW THE PLAINTIFFS in the above-styled cause and pursuant to Rule 36 of the

*Alabama Rules of Civil Procedure*, propounds the following Request for Admissions upon

*Defendant* Garber AG Freight, Inc., to be responded to within the time period allowed by law.

### INSTRUCTIONS

The matters herein are admitted unless, within 45days after service of the Request on you,

you serve a written answer or objection to each matter, signed by you or your attorney.  Any denial

shall fairly meet the substance of the requested admission, and when good faith requires that you

qualify an answer or deny on a part of the matter of which an admission is requested, you shall

specify so much of it as is true and qualify or deny the remainder.  You may not give lack of

information or knowledge as a reason for failure to admit or deny unless you state that you have

made reasonable inquiry and that the information known or readily obtainable by you is insufficient

to enable you to admit or deny the matter.  In responding to these requests for admissions, you shall

either admit or deny the request for admission.  In the event you deny the request for admission, you

must set forth in detail the reasons why you could not truthfully admit the same.

-1-

## TABLE OF DEFINITIONS

The Plaintiffs set forth the following definitions of various words and phrases that are contained in these interrogatories. The Plaintiffs provide the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the *Defendant* understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials. It is therefore expressly stipulated and agreed by the Plaintiffs that an affirmative response on the part of the *Defendant* will not be construed as an admission that any definition contained herein is either factually correct or legally binding on the *Defendants*.

## DEFINITIONS

1.     The terms "*defendant*" and "*you*" shall refer to Garber AG Freight, Inc., and its officers, employees or agents.

2.     The term "*document*" shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual, or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disc, reels or any other storage devices for business machines or other means of storing and/or transmitting human intelligence, and any other printed or readable material. To be included without limitation in this definition of "*document*" are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, Teletype, report, memorandum (including without limitation, every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including without limitation notes used to prepare any letter, memorandum, reports or other *documents* as herein defined), contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness statements (including those of potential witnesses), transcript, interview, sound recording transcription, computer printout, book of accounts, payroll record, minute diaries (both office and personal), log file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report

of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing or readable or visual material or whatsoever nature and every file folder in which the above items are stored, filed, or maintained.

3.     When the terms "*identify*" or "*identity*" are used relative to an individual or party a request is made for the name, current address, telephone number and job description of the parties sought to be identified. When the term "*identify*" or "*identity*" is used relative to the discovery of a *document* or tangible thing a request is made for the descriptive term used by this defendant to *identify* the *document* or thing sought to be identified, the date of the *document* or tangible thing and the "*identity*" of the person who is the author(s) thereof.

4.     When the terms "*you*" or "*your*" are used they shall embrace and include in addition to *you*, the named party to whom they are directed, *your* attorney, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained information for or on *your* behalf.

NOTE:     **When definition terms as set out above are used in this discovery they will be *italicized* to facilitate recognition and compliance by the responding party.**

### FIRST REQUEST FOR ADMISSIONS

1.     *You* have been properly named as party defendant in so far as the legal designation of *your* name.

2.     *You* have been properly served as a party defendant in the present cause.

3.     The Court in which the present action is pending does, in fact, have subject matter jurisdiction of the present cause.

4.     On January 13, 2004, Defendant Darrell Emrick was *your* employee.

5.     On January 13, 2004, Defendant Darrell Emrick was driving *your* vehicle.

6.     On January 13, 2004, Defendant Darrell Emrick failed to yield the right of way to the vehicle occupied by Plaintiffs Earnest Mitchell and Betty Jean Mitchell.

7.    On such date Defendant Emrick was unqualified, incapable or incompetent to operate the

vehicle he operated for you.

8.    *You* hired Defendant Emrick.

9.    *You* trained Defendant Emrick.

10.    *You* supervised Defendant Emrick.

11.    *You* conducted a background investigation regarding Defendant Emrick prior to hiring him.

12.    Plaintiff's Complaint filed herein was filed prior to expiration of the statute of limitations

provided by law.

Respectfully submitted on this the _____ day of December 2005.

MORRIS, CARY, ANDREWS, TALMADGE & JONES, LLC

_____
TRACY W. CARY (CAR098)
Attorneys for Plaintiff
3334 Ross Clark Circle (36303)
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420 Tel
(334) 673-0077 Fax
tcary@mcatlaw.com

**PLAINTFFS REQUEST THE FOREGOING DISCOVERY DOCUMENTS BE SERVED ON THE DEFENDANT ALONG WITH A COPY OF THE COMPLAINT AND SUMMONS FILED HEREIN.**

-4-

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **EARNEST MITCHELL and** | ) |
| **BETTY JEAN MITCHELL,** | ) |
| | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| **vs.** | ) **CASE NO. : CV 2005-____** |
| | ) |
| **DARRELL EMRICK,** | ) |
| **GARBER AG FREIGHT, INCORPORATED** | ) |

and **Fictitious Defendants "A", "B", and/or "C"** being that person or persons who owned, controlled and/or operated the vehicles that proximately caused the motor vehicle accident on **January 13, 2004** or those persons who hired, trained or supervised **Darrell Emrick**, or who are otherwise responsible for the damages to the **Plaintiffs**, who are unknown at this time but will be added by proper amendment when ascertained,

| | |
|---|---|
| | ) |
| **DEFENDANTS.** | ) |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT GARBER AG FREIGHT, INC.

COME NOW THE PLAINTIFFS in the above-styled cause and pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE, propound the following Interrogatories upon the *Defendant* to be responded to within the time period allowed by law. In answering these interrogatories, *you* are requested to furnish all information available to *you*, including information in the possession of *your* attorney or any person acting in *your* behalf, and not merely such information as is known of *your* own knowledge. If *you* cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state in an answer to the extent possible, specifying *your* inability to answer the remainder.

#### SUPPLEMENTATION OF RESPONSES

You are under a duty to reasonably supplement the responses with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable

1

matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which their person is expected to testify, and the substance of the person's testimony.

You are also reminded that you have a duty to reasonably amend a prior response if the party obtains information upon the basis of which (A) the party knows the response was incorrect when made, or (B) the party knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

### Definitions

1. When the term trucking company or defendant trucking company is used in the foregoing interrogatories, the Plaintiffs are making reference to the Defendant, Garber AG Freight, Inc., or the proper name of the owner of the vehicle involved in or causing an automobile accident in which the Plaintiffs were involved on or about January 13, 2004, on and along a public highway in Dothan, Houston County, Alabama.

2. When the term Defendant driver is used in the Plaintiffs' Interrogatories, the Plaintiffs are referring to Darrell Emrick or the proper name of the driver of the vehicle owned by the Defendant trucking company involved or causing an automobile accident in which the Plaintiffs' Decedent was involved on or about January 13, 2004 on and along a public highway in Dothan, Houston County, Alabama.

3. When used in these Interrogatories the terms "you" and "your" are intended to, and shall embrace and include in addition to you, the named party to whom they are directed, your attorney, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained information for or on your behalf.

2

## INTERROGATORIES

1. Is your company a common carrier, a contract carrier or a private carrier?

**ANSWER:**

2. Does your company hold a certification of authority, a license or a permit issued by the DOT or the Interstate Commerce Commission? If so, state which.

**ANSWER:**

3. If you hold any type of authority, license or permit to engage in interstate commerce, state what that is.

**ANSWER:**

4. Please state the name, address and the official capacity of the person or persons answering these Interrogatories on behalf of the Defendants.

**ANSWER:**

5. Is this defendant correctly named in the complaint on file in this case? If not, state the correct way that this Defendant should be designated as a party Defendant in an action of law.

**ANSWER:**

6. Who owns the trailer and truck involved in the accident? Give the full name and address of the owners.

**ANSWER:**

7. Describe the trailer by stating the year of manufacture, manufacturer, model and configuration.

**ANSWER:**

8. If you were not the owner of the tractor and/or trailer involved in the accident, state whether this vehicle was being operated by your company under a lease or other contract.

**ANSWER:**

9. State whether any disciplinary action was taken whether by your company or any other entity against the defendant driver as a result of his or her driving that resulted in this accident, which is the subject of this lawsuit.

**ANSWER:**

3

10.    If not, state whether any disciplinary action was considered and whether his actions were reviewed by any person(s), and if so by whom?

ANSWER:

11.    State whether you company has a safety director, and if so, state his or her name full title, and how long he or she has been employed as a safety director for your company.

ANSWER:

12.    State whether your company has written driving standards and/or instructions for its drivers in the safe operation or maintenance of the truck and trailer.

ANSWER:

13.    State the name and address of any other entity, besides your company, that provides a service to the company pertaining to safety; driver hiring, qualifications or approval; and truck safety and maintenance.

ANSWER:

14.    State the place of origin and the place of destination of the truck involved in the accident.

ANSWER:

15.    State the exact time when the truck left its place of origin and what the scheduled arrival time was at the place of destination and whether there were any scheduled stopping points during this trip.

ANSWER:

16.    Describe the load, the subject truck and trailer were hauling at the time of the accident and the names, addresses and telephone numbers of the shipper(s) and the names, addresses and telephone numbers of the consignee(s).

ANSWER:

17.    State whether the subject truck/trailer underwent any repairs during the trip. If so, state the nature of the repairs and the names, addresses and telephone numbers of the repair facilities.

ANSWER:

18.    State whether your company has written driving standards and/or instructions for its drivers with regard to the safe operation or maintenance of the truck and trailer.

4

**ANSWER:**

19.    Does the truck involved in the accident have an on-board computer? If so, identify all disks, computer tapes and other written materials generated by the on-board computer during the trip that lead to the accident. Are these items in your company's possession?

**ANSWER:**

20.    Have you ever been notified by the truck driver of any conviction(s) or suspension(s) for violating a state or local law relating to motor vehicle traffic control?

**ANSWER:**

21.    If the accident resulted in loss of life or if the truck driver was cited for a moving violation. Please state:

a.    Was a drug test administered to the truck driver within 32 hours of the accident?
b.    Who administered the test?
c.    What was the result?
d.    Was an alcohol test administered to the truck driver after the accident?
e.    How long after?
f.    If not done within 2 hours, what was the reason for delay?

**ANSWER:**

22.    Has the truck driver refused to submit to a post- accident alcohol or controlled substance test required under 49 CFR 382.303, a random alcohol or controlled substance test required under 49 CFR 382.305, a reasonable suspicion alcohol or controlled substance test required under 49 CFR 382.307, or a follow-up alcohol or controlled substance test required under 49 CFR 382.311?

**ANSWER:**

23.    Has the truck driver ever been disqualified for driving a truck when in your employment or any other entity's employment? If so, when and under what circumstances?

**ANSWER:**

24.    Has your company ever undergone a FHWA compliance review? If so, what was your rating? (Either satisfactory, conditional or unsatisfactory).

**ANSWER:**

25.    State whether the truck/tractor-trailer/rig involved in the collision was equipped with the EATON VORAD collision avoidance system or other sensor collision avoidance system. If so, state whether the system includes the following options:

5

    a.     a side mounted radar that warns of vehicles in a trucks blind spot;

    b.     an accident reconstruction option which allows the last 10 minutes of recorded activity on the system to be stored in a buffer memory and retrieved in the event of an accident.

**ANSWER:**

    26.    State whether the truck/tractor-trailer/rig involved in the accident was equipped with any type of on-board recording device? If so, state the type of device, what information was recorded and for what periods of time.

**ANSWER:**

    27.    State whether the truck/tractor-trailer/rig involved in the accident was equipped with the QUALCOMM OMNITRAX system or any other type of satellite tracking system. If so, list the records in your possession of the truck's activity, which generated by the QUALCOMM system.

**ANSWER:**

    28.    Has the defendant driver ever been convicted of any of the following disqualifying driving offenses:

    a.     Driving a commercial motor vehicle while under the influence of alcohol where the blood concentration was 0.04 percent or more driving under the influence of alcohol as prescribed by state law?

    b.     Refusing to undergo such testing as is required by any state or jurisdiction?

    c.     Driving a commercial motor vehicle while under the influence of a controlled substance?

    d.     Leaving the scene of an accident involving a commercial motor vehicle?

    e.     A felony involving the use of a commercial motor vehicle?

**ANSWER:**

    29.    Has the defendant driver ever received an out of service order?

**ANSWER:**

    30.    Describe the commercial motor vehicle being driven at the time of the accident, including the year, make, dry weight, type of transmission (automatic, etc.), the horsepower of the truck, and the maximum loaded weight of the truck.

**ANSWER:**

31.   What endorsements, if any, does the subject truck driver have to his commercial driver's license? (Endorsements include double/triple trailers endorsement; passenger endorsement; tank vehicle endorsement; hazardous materials endorsement).

**ANSWER:**

32.   State the number of hours the defendant truck driver had been on duty in the 24 hours immediately prior to the accident as well as the number of hours he had been on duty for the seven (7) days prior to the accident.

**ANSWER:**

33.   Did your company compensate the defendant truck driver? If so, state the manner in which he was compensated, including payment of mileage, number of loads, etc. If your company is not the responsible party to compensate the defendant truck driver, identify the name and address of the company who does.

**ANSWER:**

34.   Please state whether or not this Defendant contends that there are additional indispensable parties who should be joined as co-defendants in this cause and if so, the proper names thereof and the factual and legal reasons therefore.

**ANSWER:**

35.   Please state the name and present or last known address of the person employed by your company who was in charge of the overseeing of the operation of all motor vehicles owned by your company on and the five years prior to January 13, 2004.

**ANSWER:**

36.   Directing your attention to the date of January 13, 2004, and an accident, which occurred on that date, on a public highway in Dothan, Houston County, Alabama between an automobile operated by Earnest Mitchell a truck and trailer owned by Garber AG Freight, Inc., and operated by Darrell Emrick and with regard to said accident, please furnish the following information:

(a)   State the exact full name and present or last known address of Darrell Emrick.
(b)   State whether or not there was any other person or persons in the subject truck and trailer at the time of the aforesaid accident.

7

(c) State the name and present or last known address of the immediate superior of Darrell Emrick at the time of the accident.

(d) State the name and present or last known address of the person or persons whom employed Darrell Emrick to operate the subject truck and trailer on the day of the accident.

(e) State whether or not the truck, which was being operated by Darrell Emrick on the day of the accident, was being driven in the furtherance of the business of your trucking company.

(f) Describe the type of business activity in which your company was engaged and specifically in which the subject truck and trailer and driven by Darrell Emrick was engaged at the time of the accident.

(g) State the exact purpose for which the subject truck and trailer was being used at the time of the accident.

(h) Identify the person, company or other legal entity who had employed you, or with whom you contracted, to perform the trucking service in which you were engaged at the time of the accident.

(i) Please state whether or not the truck, which was being operated by Darrell Emrick on the day of the accident, was in convoy with one or more trucks and/or other vehicles owned by this Defendant, and if so, identify the driver of the companion truck.

**ANSWER:**

37. State whether or not the said truck had been used in previous trips over the same route the month of the accident and prior to the accident by the driver.

**ANSWER:**

38. Are there any photographs in existence taken by you, or on your behalf, either on the grounds, showing the location of the accident, aerial photographs of the location of the accident, or of any skid marks at the location of the accident?

**ANSWER:**

39. If the answer to the foregoing Interrogatory is in the affirmative, please furnish the name and address of each and all persons, companies, corporations or agencies in whose possession such photographs are held at the present time.

**ANSWER:**

40. State how long Darrell Emrick has driven and/or worked for Garber AG Freight, Inc., and when he was administered his last physical and driving exam.

**ANSWER:**

41.    Identify each person you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

**ANSWER:**

42.    For each person you expect to call as an expert witness at trial, state the person's profession or occupation, each field in which the person is offered as an expert in this case, the name and address of each school attended and a description of each degree received, the name of any professional trade associations of which each person is a member, the title, subject matter, publisher, and date of publication of any books, papers, or articles which each person has authored or edited, in whole or in part, the number of years each person has practiced or worked in each field of expertise, and the present and past places of employment of each person.
**ANSWER:**

43.    State whether the vehicle operated by Darrell Emrick at the time of the collision was covered by a liability insurance policy. If so, please supply the following information about *all* policies covering liability arising out of the operation of said vehicle:
A.    The name of the liability or casualty insurance company or companies which provided the coverage(s) on said vehicle.
B.    The amount of liability coverage.
**ANSWER:**
A.
B.

44.    The Plaintiffs have filed contemporaneously with these interrogatories their First Request for Production of Documents. As to any *documents* or tangible thing which *you* have withheld from production pursuant to said Request Production of Documents on the ground that (i) it was prepared in anticipation of litigation for trial; (ii) it is work product, or (iii) it is privileged, please *identify* each such *documents* and or tangible thing and answer the following concerning such:
A.    description of what the *document* is;
B.    name, address and employer of the author of the *document*, or person taking the statement or the likes;
C.    the subject of the *document*;
D.    persons indicated as having received copies;
E.    the purpose for which the *document* was created and transmitted;
F.    degree of confidentiality with which it was treated both at the time of its creations and transmission, and since that time;
G.    any other facts relative to the elements of the particular privilege asserted.
**ANSWER:**
A.
B.
C.

9

D.
E.
F.
G.

45.    The Plaintiffs have filed contemporaneously with these interrogatories their First Request for Production of Documents.  As to any *documents* or tangible thing which has not been produced pursuant to said Request for Production of *documents* because it has been destroyed, lost, or no longer in *your* control, please describe the *document* in detail including date of inception and last known date of existence along with a detailed statement regarding the substance and matters covered in said *document*.

**ANSWER:**

46.    Please provide the factual basis for each and every affirmative defense raised in the complaint.

**ANSWER:**

Respectfully submitted on this the 14th day of December 2005.

MORRIS, CARY, ANDREWS, TALMADGE & JONES, LLC

TRACY W. CARY (CAR098)
Attorneys for Plaintiff
3334 Ross Clark Circle (36303)
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420 Tel
(334) 673-0077 Fax
tcary@mcatlaw.com

**PLAINTIFFS REQUEST THAT THESE INTERROGATORIES BE SERVED TO DEFENDANT ALONG WITH THE COMPLAINT FILED HEREIN.**

10

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

EARNEST MITCHELL and                          )
BETTY JEAN MITCHELL,                          )
                                              )
            PLAINTIFFS,                        )
                                              )
vs.                                           )    CASE NO. : CV 2005-_____
                                              )
DARRELL EMRICK,                               )
GARBER AG FREIGHT, INCORPORATED               )
and Fictitious Defendants "A", "B", and/or "C" being that person or persons who
owned, controlled and/or operated the vehicles that proximately caused the motor
vehicle accident on January 13, 2004 or those persons who hired, trained or supervised
Darrell Emrick, or who are otherwise responsible for the damages to the Plaintiffs, who
are unknown at this time but will be added by proper amendment when ascertained,
                                              )
            DEFENDANTS.                        )

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS TO DEFENDANT GARBER AG FREIGHT, INC.**

COME NOW THE PLAINTIFFS in the above-styled action and, pursuant to all

relevant provisions of the ALABAMA RULES OF CIVIL PROCEDURE, request that the Defendant

answer the following Request for Production, in accordance with the time limits specified in

the ALABAMA RULES OF CIVIL PROCEDURE.

DEFINITIONS

A.      As used herein, the definitions for the term "document" means without

limitation, the following items, whether printed, recorded or reproduced by any other

mechanical means or process, or written or produced by hand; agreements; contracts;

communications; correspondence; letters; telegrams; tape recordings; memoranda; notes;

summaries or other recordings of telephone conversations, personal conversations, or

meetings; agenda of meeting; notices; records; bid records; personal memoranda;

photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports;

1

statement of witnesses; finding of investigations; files; reports of experts; records of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported. The term "document" expressly includes "electronic files" including all files and data compilations of any kind, in any electronic medium, including computer files, data files, databases, electronic mail files, or documents contained on computer disks, tapes, diskettes, hard drives, or any other form of computer or data backup.

B.    As used herein, the term "oral communication" means any words heard or spoken including, without limitation, words spoken at a meeting, discussion, speech or conversation, including any telephone conversation.

C.    As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association or business entities.

D.    As used herein, the term "you" or "Defendant" means the named Defendant in this action and the agents, attorneys and employees of such Defendant having information available to Plaintiff.

E.    "Identify" when referring to a natural person means to provide an identification sufficient to notice at deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known home address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

2

F.    "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it with reasonable particularity.  In particular, the term "identify" when used in reference to a document includes:

a.    date the document bears, or if none, under the date it was written;

b.    name and address of each person who wrote it or participated in the writing of it;

c.    name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;

d.    name and address of each person who received a copy of the document;

e.    description of the document, as for instance, a letter or memorandum;

f.    its present location or custodian of each copy, or if unknown, its last known location or custodian;

g.    if any document is no longer in Defendant's possession, or subject to Defendant's control, state what disposition was made of it, the reason for such disposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the Defendant.

When used with reference to an oral communication, the term "identify" includes:

a.    persons participating in such oral communications;

b.    date, manner (e.g. telephone) and place at which persons participated in or heard the oral communication were located;

3

      c.    a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;

      d.    name of the person who was present, other than the participants;

      e.    substance of the oral communication.

    G.    As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

    H.    As used herein, the term "motor carrier" means Garber AG Freight, Inc. in this action and the agents, attorneys and employees of such Defendant having information available to Plaintiff.

    I.    As used herein, the term "truck driver" means Darrell Emrick in this action and the agents, attorneys and employees of such Defendant having information available to Plaintiff.

    J.    As used herein, the term "subject vehicles" means the vehicle in this accident made the basis of this lawsuit in this action and the agents, attorneys and employees of such Defendant having information available to Plaintiff.

**NOTE:**    **When definition terms as set out above are used in this discovery they will be *italicized* to facilitate recognition and compliance by the responding party.**

## REQUEST FOR PRODUCTION

1.    Copy of all tachometer records of the subject vehicle.

2.    Copy of all on-board computer records of the subject vehicle.

3.    Copy of all dispatch records of the driver and of the subject vehicle for the immediate three months prior to and including the accident date.

4.    Copy of all fax transmissions of the driver for 30 days prior to the accident and including the day of the accident.

5.    Copy of all telephone records of the driver for 30 days prior to the accident and including the day of the accident.

6.    Copy of all mobile radio records of the driver for 30 days prior to the accident and including the day of the accident.

7.    Copy of truck and trailer license of the driver for one year prior to and including the day of the accident.

8.    Copy of all pick-up and delivery records of the driver for three months prior to and including the day of the accident.

9.    Copy of all trip summaries of the driver for one year prior to and including the day of the accident.

10.    Copy of all delivery manifests of the driver for one year prior to and including the day of the accident.

11.    Copy of all credit card receipts of the driver for one year prior to and including the day of the accident.

12.    Copy of all toll tickets of the driver for one year prior to and including the day of the accident.

13.    Copy of all fuel receipts of the driver for one year prior to and including the day of the accident.

14.    Copy of all weight tickets of the driver for one year prior to and including the day of the accident.

15.    Copy of all fuel tax records of the driver for one year prior to and including the day of the accident.

16.    Copy of all state entry, and departure records of the driver for one year prior to and including the day of the accident.

17.    Copy of registration and title to the truck.

18.    Copy of expense sheets of the driver for one year prior to and including the day of the accident.

19.    Copy of all trailer interchange records of the driver for one year prior to and including the day of the accident.

5

20.    Copy of all bills of lading of the driver for one year prior to and including the day of the accident.

21.    Copy of all manifests and waybills of the driver for one year prior to and including the day of the accident.

22.    Copy of all rental contracts involving the truck of the driver for one year prior to and including the day of the accident.

23.    Copy of all written records from each state agency contacted with reference to the truck driver's driving records.

24    Copy of all written records with respect to each past employer who was contacted about the truck driver's qualifications.

25.    Copy of defendant driver's qualification file.

26.    Copy of the defendant driver's list of violations of motor vehicle traffic laws.

27.    Copy of driver's personnel file(s), including the defendant driver's wage statement for the last five (5) years, evidencing the rate of pay and whether the pay was calculated based upon the number of hours worked, the amount of mileage traveled, or the number of loads carried or if it was calculated by some other means.

28.    Copy of all National Transportation Safety Board or Department of Transportation investigative reports for the Defendant company or driver for the last five (5) years.

29.    Copy of all photographs of the accident scene, the truck and/or trailer involved in the accident, and any photographs of the plaintiff decedent's vehicle.

30.    Copies of all out of service orders on the subject vehicle.

31.    Copies of the driver's logs (i.e. records of duty status) for the six (6) months prior to and including the date of the accident that is the subject of this lawsuit.

32.    Copies of the vehicle maintenance records for the commercial motor vehicle involved in the accident for the six (6) months prior to and including the date of the accident that is the subject of this lawsuit.

33.    Copy of repair invoices during the period that the truck has been operated in your behalf.

34.    Copy of all lease and trip lease contracts between you and the truck/trailer owner and operator for one year prior to and including the date of the accident made the subject of this lawsuit.

6

35.     Copy of all trip reports.

36.     Copy of Commercial Driver's License of Defendant Driver.

37.     All records giving notification to you of the defendant driver's convictions or suspensions for violating a state or local law relating to motor vehicle traffic control.

38.     All records containing the results of any drug or alcohol test that was administered to the defendant driver after the accident, including any documents identifying the chain of custody of said tests and reports.

39.     All records related to the alcohol and drug testing of defendant driver for the last five (5) years.

40.     Copy of all company manuals covering truck safety, maintenance, fleet safety programs, and driver's standards.

41.     Copy of all records generated by on-board recording devices with which the truck was equipped at the time of the accident.

42.     Copy of all records generated through the use of the QUALCOMM OMNITRAX system or other similar system with which the truck was equipped at the time of the accident.

43.     Copy of all records generated by the EATON VORAD collision avoidance system or other similar system with which the truck was equipped at the time of the accident.

44.     Copy of any and all leasing agreements, contracts and other documents evidencing the type, terms, and inclusive dates of the relationship between all named defendants.

45.     Copies of any and all notes, memorandums and minutes of any meetings, whether formal or informal, held to discuss the subject accident.

46.     Copies of any and all notes, memorandums and minutes of any meetings, whether formal or informal, held to discuss any possible reprimands or other disciplinary actions against defendant truck driver.

47.     Copy of payroll records for defendant driver.

48.     Please provide a copy of Defendants' insurance policy and/or policies (including fleet,

blanket or umbrella policies) which may be liable to satisfy part or all of any judgment which

may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

49.     A copy of all vehicle maintenance records pertaining to the motor vehicle in question maintained by Defendant or Defendant's mechanic for the 12 months prior to the collision made the basis of Plaintiffs' Complaint.

50.     Produce a complete copy of Darrell Emrick's entire personnel file (including background investigation, MVRs, license information, etc.)

Plaintiffs request that the Defendant make the above available at the offices of Morris, Cary, Andrews, Talmadge & Jones, LLC, 3334 Ross Clark Circle, Dothan, Alabama, 36303 within the time period as required by the ALABAMA RULES OF CIVIL PROCEDURE.

Respectfully submitted on this the 14th day of December 2005.

MORRIS, CARY, ANDREWS, TALMADGE & JONES, LLC

TRACY W. CARY (CAR099)
Attorneys for Plaintiff
3334 Ross Clark Circle (36303)
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420 Tel
(334) 673-0077 Fax
tcary@mcatlaw.com

**PLAINTIFFS REQUEST THAT THESE REQUEST FOR PRODUCTION BE SERVED TO DEFENDANT ALONG WITH THE COMPLAINT FILED HEREIN.**