IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~EASTERN~~ Southern DIVISION

RECEIVED
2006 FEB 15 A 10: 31
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| EARNEST MITCHELL and BETTY JEAN MITCHELL, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No.: 1:06cv140-WKW |
| DARRELL EMRICK, GARBER AG FREIGHT, INC., et al., ) ) ) | |
| Defendants. ) ) | |

## ANSWER

COME NOW the Defendants Darrell Emrick, an individual, and Garber AG Freight, Inc., a corporation, ("Defendants") and in response to the Plaintiffs' Complaint state the following:

### FIRST DEFENSE

Except to the extent expressly admitted herein, the Defendants generally deny the material allegations of the Plaintiffs' Complaint and demand strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against these Defendants, or either of them.

### THIRD DEFENSE

The venue of this action is improper.

### FOURTH DEFENSE

There is an insufficiency of process and an insufficiency of service of process.

## FIFTH DEFENSE

Defendants state that on the occasion made the basis of the Complaint, Plaintiffs were guilty of negligence that proximately contributed to the claimed damages and injuries.

## SIXTH DEFENSE

Defendants deny that the Plaintiffs' damages and injuries are the proximate result of any act or omission of the Defendants.

## SEVENTH DEFENSE

Defendants deny that they were guilty of negligence on the occasion complained of in the Complaint.

## EIGHTH DEFENSE

Defendants deny that they were guilty of wantonness on the occasion complained of in the Complaint.

## NINTH DEFENSE

The Plaintiffs have failed to properly mitigate any alleged damages.

## TENTH DEFENSE

To the extent that the Plaintiffs' Complaint can be read to include a claim for punitive damages, Defendants plead the following punitive damage defenses:

1. Claims for punitive damages in this case violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

    a. It is in violation of the Due Process and Equal Protection Clauses of the

Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States

Constitution;

g.  The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred; and,

h.  The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

i.  The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

j.  The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.  The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to acts that occurred in another state which may or may not be lawful under the laws of that state.

2.  The award of punitive damages under Alabama law violates the prohibition against excessive fines.

3.  The Plaintiffs' claims for punitive damages violate the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.  It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.  The procedures pursuant to which punitive damages are awarded fail to provide a

4

limit on the amount of the award against the Defendants;

  c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

  d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

  e. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

  4. Any award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law, which is required under the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 6 of the Alabama Constitution.

  5. Any attempt by the Plaintiffs to impose punitive or extra-contractual damages on these Defendants on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

  6. Any award of punitive damages against these Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

  7. Any award of punitive damages in this case would create an improper and unlawful burden on interstate commerce in violation of Article I, Section 8 of the United States Constitution.

  8. To the extent, if any, that the Complaint and all amendments thereto assert claims

for punitive damages, such claims are barred by *Ala. Code* §6-11-20 or are limited by *Ala. Code* §6-11-21.

## ELEVENTH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations.

## TWELFTH DEFENSE

The claims asserted by one or both of the Plaintiffs are barred by a release executed by such Plaintiff or Plaintiffs.

Defendants reserve the right to amend their answer as additional information and defenses are learned in the course of discovery.

_____
Cecil H. Macoy, Jr. (MAC 017)
Glenn G. Waddell (WAD013)

Attorneys for Defendants Darrell Emrick and Garber AG Freight, Inc.

OF COUNSEL:

WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
(205) 870-0555
(205) 871-7534 (Fax)

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have on this ___14th___ day of February, 2006, served a copy of the foregoing on all counsel of record by mailing the same by United States Mail, postage prepaid and properly addressed as follows:

Tracy W. Cary, Esq.
3334 Ross Clark Circle
P.O. Box 1649
Dothan, Alabama 36302

                                                               _____
                                                               Of Counsel