**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **EARNEST MITCHELL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:1:06-cv-140-WKW-DRB** |
| ) | |
| **DARRELL EMRICK, GARBER AG** ) | |
| **FREIGHT, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

_____

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**
_____

COME NOW Defendants Darrell Emrick and Garber AG Freight, Inc. ("Emrick" and "Garber" respectively, collectively "Defendants") and pursuant to Fed. R. Civ. P. 56., move this Court for summary judgment on claims contained in count three of Plaintiff Earnest Mitchell's ("Plaintiff") Complaint. Specifically, in count three of Plaintiff's Complaint against Defendants, the Plaintiff claims that Garber negligently, wantonly, and/or wrecklessly hired, trained, employed and/or supervised defendant Darrell Emrick. (Complaint at ¶¶ 17, 18). However, based on the following summary of undisputed facts and argument, there are no genuine issues of

material fact and Defendants are entitled to a judgment as a matter of law on those claims.[1]

## I. FACTS

On January 13, 2004, Plaintiff was involved in an automobile accident with Defendant Darrell Emrick in Houston County, Alabama. (Complaint at ¶ 5). At the time of the accident, Emrick was driving a tractor trailer owned by his employer, Defendant Garber AG Freight, Inc. (Defendant's Response to Plaintiff's First Interrogatories (submitted and attached as Exhibit "A") at # 6). On December 16, 2005, Plaintiff filed the present lawsuit. (Complaint). Plaintiff alleges, among other things, that Garber negligently hired Emrick and negligently trained and supervised him. (Complaint at ¶ 18).

Emrick has a Commercial Driver's License, Class A, with endorsements for tankers, double & triple trailers, and bulk haulers. (Ex. A at # 31). Emrick applied to work for Garber on September 1, 2003. (Affidavit of Benjamin E. Garber, submitted and attached hereto as Exhibit "B" at ¶ 3). During the application process, Benjamin Garber, president of Garber AG Freight, Inc., contacted Emrick's two most recent employers for whom he had driven. (Garber Aff. at ¶ 3). Both of these

---

[1] Although this motion centers on the claims of independent negligence against Garber AG Freight, Inc., the defendants are not waiving the arguments against or conceding to any of the other claims asserted by the plaintiff.

employers informed him that Emrick was a good driver and had done a good job for them as a driver. Id.

Mr. Garber also submitted Emrick to Garber's insurance company for approval as a driver. Id at ¶ 4. Garber's insurance company ordered and viewed Emrick's driver's record from the State of Ohio. Id. That document indicated that Emrick had been cited on two occasions for speeding and on two occasions for not wearing his seat belt. Id. (See also Garber Aff. at Ex. 1). There were no other types of violations, such as wreckless driving, on Emrick's driving record. Id. Furthermore, there was no indication that Emrick had ever been involved in a traffic accident. Id.

Garber's insurance company cleared Emrick to drive. (Garber Aff. at ¶ 4). Mr. Garber also had Emrick complete a road test. (Garber Aff. at ¶ 5). Garber hired Emrick on September 15, 2003. Id. However, before he allowed Emrick to drive on his own, he had others ride with him. (Garber Aff. at ¶ 6). After the other drivers reported that Emrick was a good driver, Mr. Garber allowed Emrick to drive on his own. Id. After Emrick began working for Garber, Mr. Garber cautioned him to drive with care and not to exceed the speed limit. (Garber Aff. at ¶ 7). He also distributed literature to Emrick and the other drivers about driving safely. Id.

## II.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."  The moving party bears the burden of proving that no genuine issue of material fact exists.  O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  Once the movant has satisfied its initial burden under Rule 56(c), the non-moving party must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  Otherwise stated, the non-movant "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial."  Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp v. Catrett, 477 U.S. 317, 324 (1986)).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'"  Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249).  The non-moving party "may not rest on the mere allegations or denials of the [non-

moving] party's pleading, but . . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.  ARGUMENT

The Alabama Court of Civil Appeals set forth the standard for proving negligent hiring, training and supervision on the part of an employer:

> "In the master servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him.  Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge.  It is incumbent on the party charging negligence to show it by proper evidence."

Sanders v. Show Show, Inc., 778 So. 2d 820, 824 (Ala. Civ. App. 2000) (quoting Lane v. Central Bank of Alabama, N.A., 425 So. 2d 1098, 1100 (Ala. 1983)).  See Mardis v. Robbins Tire & Rubber Co., 669 So. 2d 885, 889 (Ala. 1995) (affirming summary judgment for defendant on allegations of negligent training and supervision).  Put simply, "[a] plaintiff must establish 'by affirmative proof' that the employer actually knew of the incompetence, or that the employer reasonably should have known it." Armstrong v. AmSouth Bank, 817 So. 2d 665, 683 (Ala. 2001).  Thus, evidence that Emrick was incompetent and that Garber was or should have been aware of his incompetency is essential for the Plaintiff to survive a summary judgment on their negligent hiring, training and supervising cause of action.  Because the record is

devoid of such evidence, however, Defendant's motion for partial summary judgment is due to be granted.

There simply is no evidence that Emrick was an incompetent driver. On the contrary, Emrick was an experienced and well-trained driver with a good driving record. As made clear above: (1) Emrick had and has a valid Class A Commercial Driver's License with the appropriate endorsements which signify his completion of the proper training to operate a tractor trailer; (2) besides two speeding tickets and two citations for failure to wear a seat belt, there were no other violations on his driving record; (3) there was no indication that Emrick had ever been involved in a traffic accident; (4) Emrick completed a road test; (5) before driving on his own, Emrick had to drive with other drivers who reported that he was a good driver; (6) Emrick's three previous employers all told Garber that Emrick was a good driver and that he had done a good job for them; (7) Emrick was cautioned by Garber to drive with care and to obey the speed limit at all times; (8) Garber's insurance company cleared Emrick to drive.

Furthermore, the Plaintiff cannot rely upon the two previous speeding violations as evidence of incompetence. There is no evidence that Emrick was speeding at the time of the subject accident. The appellate courts of this state have clearly noted that to be relevant, an employee's history of improper conduct must be similar to the

alleged improper conduct giving rise to the plaintiff's injury to be relevant. See Dean v. Johnston, 206 So. 2d 610, 613 (Ala. 1968) ("In other words, negligence of the servant proximately contributing to the specific accident is the determining factor, and it is immaterial that he may previously have been convicted of traffic misdemeanors which were in no way related to the accident in question."); Sanders v. Shoe Show, Inc., 778 So. 2d 820, 824 (Ala. Civ. App. 2000) ("Further, no evidence in the record shows that [the driver] had a history of improper conduct similar to the conduct alleged by [the plaintiff].") The facts listed above clearly refute any allegation of incompetence. See Pryor v. Brown & Root USA, Inc., 674 So. 2d 45, 51-52 (Ala. 1996) (driver found not incompetent even though within the ten years of the subject action, he had been charged with DUI and received two speeding tickets); Day v. Williams, 670 So. 2d 914, 916 (Ala. 1995) (driver not incompetent despite fact that he had several tickets for driving without a license, a speeding ticket and was driving without a license at the time of the accident).

Put simply, there is no evidence, much less substantial evidence, that Emrick was an incompetent driver, nor is there evidence that Garber was or should have been aware of Emrick's alleged incompetency. As such, the claims for negligent hiring, training, employment and supervision must fail.

### IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Darrell Emrick and Garber AG Freight, Inc. respectfully request the Court to enter an Order granting their motion for partial summary judgment and dismissing, with prejudice, the plaintiff's claims of negligence, recklessness or wantonness related to the hiring, training, employment or supervision of Darrell Emrick.  Defendant also requests that this order be made final pursuant to Fed. R. Civ. P. 54.

Respectfully submitted,

/s Cecil H. Macoy, Jr.
Bar Number: ASB-3995-Y75C
cm@wallacejordan.com

Jason E. Gammons
Bar Number ASB-7277-J38G
jg@wallacejordan.com

Attorneys for Defendants
Darrell Emrick and
Garber AG Freight, Inc.

**OF COUNSEL:**
**WALLACE, JORDAN, RATLIFF & BRANDT, LLC**
Post Office Box 530910
Birmingham, Alabama 35253
Telephone:  (205) 870-0555
Facsimile:   (205) 871-7534

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September, 2006, I have filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tracy W. Cary, Esq.
Morris, Cary, Andrews, Talmadge, Triggers & Jones, LLC
3334 Ross Clark Circle
P.O. Box 1649 (36302)
Dothan, Alabama 36303

/s Cecil H. Macoy, Jr.
Bar Number ASB-3995-Y75C
cm@wallacejordan.com