IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNEST MITCHELL and<br>BETTY JEAN MITCHELL,<br><br>    Plaintiffs,<br><br>v.<br><br>DARRELL EMRICK, GARBER AG<br>FREIGHT, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO.:1:06-cv-140-WKW-DRB<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT GARBER AG FREIGHT, INC.'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES

COMES NOW Defendant Garber AG. Freight, Inc. and responds to Plaintiff's First Interrogatories as follows:

1. Is your company a common carrier, a contact carrier or a private carrier?

**Answer:** Common and contract carrier.

2. Does your company hold a certificate of authority, a license or a permit issued by the DOT or the Interstate Commerce Commission? If so, state which.

**Answer:** Department of Transportation.

3. If you hold any type of authority, licenses or permit to engage in interstate commerce, state what that is.

**Answer:** Interstate authority for common and contract carrier.

4. Please state the name, address and the official capacity of the person or persons answering these Interrogatories on behalf of the Defendants.

**Answer:** Benjamin E. Garber, president.

5. Is this defendant correctly named in the complaint on file in this case? If not, state the correct way that this Defendant should be designated as a party Defendant in an action of law.

**Answer:** The correct name of this defendant is Garber AG Freight, Inc.

6. Who owns the trailer and truck involved in the accident? Give the full name and address of the owners.

**Answer:** Garber AG Freight, Inc.

7. Describe the trailer by stating the year of manufacture, manufacturer, model and configuration.

**Answer:** See documents produced.

8. If you were we not the owner of the tractor and/or trailer involved in the accident, state whether this vehicle was being operated by your company under lease or other contract.

**Answer:** No answer to this Interrogatory is required.

9. State whether any disciplinary action was taken whether by your company or any other entity against the defendant driver as a result of his or her driving that resulted in this accident, which is the subject of this lawsuit.

**Answer:** None.

10. If not, state whether any disciplinary action was considered and whether his actions were reviewed by any person(s), and if so by whom?

**Answer:** Disciplinary action was not considered.

11. State whether your company has a safety director, and if so, state his or her name, full title, and how long he or she has been employed as a safety director for your company.

**Answer:** No.

12. State whether your company has written driving standards and/or instructions for its drivers in the safe operation or maintenance of the truck and trailer.

**Answer:** Yes.

13. State the name and address of any other entity, besides your company, that provides a service to the company pertaining to safety; driver hiring, qualifications or approval; and truck safety and maintenance.

**Answer:** None.

14. State the place of origin and the place of destination of the truck involved in the accident.

**Answer:** The place of origin was Montgomery, Alabama. The destination was Blakely, Georgia.

15. State the exact time when the truck left its place of origin and what the scheduled arrival time was at the place of destination and whether there were any scheduled stopping points during this trip.

**Answer:** The truck departed from Montgomery, Alabama at approximately 8:00 A.M. on January 13, 2004. There was no scheduled arrival time.

16. Describe the load, the subject truck and trailer were hauling at the time of the accident and the names, addresses and telephone numbers of the shipper(s) and the names, addresses and telephone numbers of the consignee(s).

**Answer:** The trailer was empty.

17. State whether the subject truck/trailer underwent any repairs during the trip. If so, state the nature of the repairs and the names. addresses and telephone numbers of the repair facilities.

**Answer:** None.

18. State whether your company has written driving standards and/or instructions for its drivers with regard to the safe operation or maintenance of the truck and trailer.

**Answer:** Yes.

19. Does the truck involved in the accident have an on-board computer? If so, identify all disks, computer tapes and other written materials generated by the on-board computer during the trip that lead to the accident. Are these items in your company's possession?

**Answer:** No.

20. Have you ever been notified by the truck driver of any conviction(s) or suspension(s) for violating a state or local law relating to motor vehicle traffic control?

**Answer:** No.

21. If the accident resulted in loss of life or if the truck driver was cited for a moving violation. Please state:

    a. Was a drug test administered to the truck driver within 32 hours of this accident?

**Answer:** Yes.

  b.  Who administered the test?

**Answer:** LabCorp. of Am. Holdings

  c.  What was the result?

**Answer:** Negative.

  d.  Was an alcohol test administered to the truck driver after the accident?

**Answer:** No.

  e.  How long after?

**Answer:** Not applicable.

  f.  If not done within 2 hours, what was the reason for the delay?

**Answer:** Not applicable.

  22.  Has the truck driver refused to submit to a post-accident alcohol or controlled substance test required under 49 CFR 382.303, a random alcohol or controlled substance test required under 49 CFR 382.305, a reasonable suspicion alcohol or controlled substance test required under 49 CFR 382.307, or a follow-up alcohol or controlled substance test required under 49 CFR 382.311?

**Answer:** No.

  23.  Has the truck driver ever been disqualified for driving a truck when in your employment or any other entity's employment? If so, when and under what circumstances?

**Answer:** No.

  24.  Has your company ever undergone a FHWA compliance review? If so, what was your rating? (Either satisfactory, conditional or unsatisfactory).

**Answer:** Yes. Satisfactory.

  25.  State whether the truck/tractor-trailer/rig involved in the collision was equipped with the EATON VORAD collision avoidance system or other sensor collision avoidance system. If so, state whether the system includes the following options:

  a.  a side mounted radar that warns of vehicles in a trucks blind spot;

**Answer:** No.

      b.      an accident reconstruction option which allows the last 10 minutes of recorded activity on the system to be stored in a buffer memory and retrieved in the event of an accident.

**Answer:** No.

      26.      State whether the truck/tractor-trailer/rig involved in the accident was equipped with any type of on-board recording device? If so, state the type of device, what information was recorded and for what period of time.

**Answer:** None.

      27.      State whether the truck/tractor-trailer/rig involved in the accident was equipped with the QUALCOMM OMNITRAXX system or any other type of satellite tracking system. If so, list the records in your possession of the truck's activity, which generated by the QUALLCOMM system.

**Answer:** None.

      28.      Has the defendant driver ever been convicted of any of the following disqualifying driver offenses:

      a.      Driving a commercial motor vehicle while under the influence of alcohol where the blood concentration was 0.04 percent or more driving under the influence of alcohol as prescribed by state law?
      b.      Refusing to undergo such testing as is required by any state of jurisdiction?
      c.      Driving a commercial motor vehicle while under the influence of a controlled substance?
      d.      Leaving the scene of the accident involving a commercial motor vehicle?
      e.      A felony involving the use of a commercial motor vehicle.

**Answer:** Upon information and belief, no.

      29.      Has the defendant driver ever received an out of service order?

**Answer:** Defendant objects to this interrogatory on the ground that it is vague.

      30.      Describe the commercial motor vehicle being driven at the time of the accident, including the year, make, dry weight, type of transmission (automatic, etc.), the horsepower of the truck, and the maximum loaded weight of the truck.

**Answer:** See documents produced.

      31.      What endorsement, if any, does the subject truck driver have to his commercial driver's license? (Endorsements include double/triple trailers endorsements; passenger endorsements; tank vehicle endorsements; hazardous materials endorsement).

**Answer:** CDL Class A. Tankers, doubles/triples, and bulk haulers.

32. State the number of hours the defendant truck driver had been on duty in the 24 hours immediately prior to the accident as well as the number of hours he had been on duty for the seven (7) days prior to the accident.

**Answer:** See documents produced.

33. Did your company compensate the defendant truck driver? If so, state the manner in which he was compensated, including payment of mileage, number of loads, etc. If your company is not the responsible party to compensate the defendant truck driver, identify the name and address of the company who does.

**Answer:** Yes. Compensation is based on mileage.

34. Please state whether or not this Defendant contends that there are additional indispensable parties who should be joined as co-defendants in this cause and if so, the proper names thereof and the factual and legal reasons therefore.

**Answer:** Defendant objects to this interrogatory on the ground that it seeks a legal conclusion. Without waiving the forgoing objection, none.

35. Please state the name and present or last known address of the person employed by your company who is in charge of the overseeing of the operation of all motor vehicles owned by your company on and the five years prior to January 13, 2004.

**Answer:** Benjamin Garber.

36. Directing your attention to the date of January 13, 2004, and an accident, which occurred on that date, on a public highway in Dothan, Houston County, Alabama between an automobile operated by Earnest Mitchell a truck and trailer owned by Garber AG Freight, Inc., and operated by Darrell Emrick and with regard to said accident, please furnish the following information:

(a) State the exact full name and present or last known address of Darrell Emrick.

**Answer:** Darrell Emrick, 3523 Vietor Road, Greenville, Ohio.

(b) State whether or not there was any other person or persons in the subject truck and trailer at the time of the aforesaid accident.

**Answer:** None.

(c) State the name and present or last known address of the immediate superior of Darrell Emrick at the time of the accident.

**Answer:** Benjamin Garber.

    (d)    State the name and present or last known address of the person or persons whom employed Darrell Emrick to operate the subject truck and trailer on the day of the accident.

**Answer:** Garber AG Freight, Inc.

    (e)    State whether or not the truck, which was being operated by Darrell Emrick on the day of the accident, was being driven in the furtherance of the business of your trucking company.

**Answer:** Yes.

    (f)    Describe the type of business activity in which your company was engaged and specifically in which the subject truck and trailer and driven by Darrell Emrick was engaged at the time of the accident.

**Answer:** For-hire transit.

    (g)    State the exact purpose for which the subject truck and trailer was being used at the time of the accident.

**Answer:** For-hire transit.

    (h)    Identify the person, company or other legal entity who had employed you, or with whom you contracted, to perform the trucking service in which you were engaged at the time of the accident.

**Answer:** Garber AG Freight, Inc.

    (i)    Please state whether or not the truck, which was being operated by Darrell Emrick on the day of the accident, was in convoy with one or more trucks and/or other vehicles owned by this Defendant, and if so, identify the driver of the companion truck.

**Answer:** None.

    37.    State whether or not the said truck had been used in previous trips over the same route the month of the accident and prior to the accident by the driver.

**Answer:** No.

38. Are there any photographs in existence taken by you, or on your behalf, either on the grounds, showing the location of the accident, aerial photographs of the location of the accident, or of any skid marks at the location of the accident?

**Answer:** No.

39. If the answer to the foregoing Interrogatory is in the affirmative, please furnish the name and address of each and all persons, companies, corporations or agencies in whose possession such photographs are held at the present time.

**Answer:** Not applicable.

40. State how long Darrell Emrick has driven and/or worked for Garber AG Freight, Inc., and when he was administered his last physical and driving exam.

**Answer:** See documents produced.

41. Identify each person you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

**Answer:** Defendant will comply with any pre-trial orders entered into the Court regarding disclosure of expert witnesses. No decisions regarding expert witnesses have been made at present.

42. For each person you expect to call as an expert witness at trial, state the person's profession or occupation, each field in which the person is offered as an expert in this case, the name and address of each school attended and a description of each degree received, the name of any professional trade associations of which each person is a member, the title, subject matter, publisher, and date or publication of any books, papers, or articles which each person has authored or edited, in whole or in part, the number of years each person has practiced or worked in each field of expertise, and the present and past places or employment of each person.

**Answer:** See response to interrogatory 41.

43. State whether the vehicle operated by Darrell Emrick at the time of the collision was covered by a liability insurance policy. If so, please supply the following information about *all* policies covering liability arising out of the operation of said vehicle:
   A. The name of the liability or casualty insurance company or companies which provided the coverage(s) on said vehicle.
   B. The amount of liability coverage.

**Answer:** See documents produced.

44. The Plaintiffs have filed contemporaneously with these interrogatories their First Request for Production of Documents. As to any *documents* or tangible thing which *you* have

withheld from production pursuant to said Request Production of Documents on the ground that (i) it was prepared in anticipation of litigation for trial; (ii) it is work product, or (iii) it is privileged, please *identify* each such *documents* and or tangible thing and answer the following concerning such:
    A.    description of what the *document* is;
    B.    name, address and employer of the author of the *documents*, or person taking the statement or the likes;
    C.    the subject of the *documents;*
    D.    persons indicated as having received copies;
    E.    the purpose for which the *document* was created and transmitted;
    F.    degree of confidentiality with which it was treated both at the time of its creations and transmission, and since that time;
    G.    any other facts relative to the elements of the particular privilege asserted.

**Answer:** Defendants object to this Interrogatory on the ground that responding thereto requires a legal conclusion and Plaintiffs are not entitled to this information without satisfying the requirements of Rule 26(b) of the Alabama Rules of Civil Procedure. Without waiving or limiting this objection, the statement of Plaintiff Earnest Mitchell has been produced, documents created during the investigation of this matter were prepared in anticipation of litigation and are being withheld based on the attorney work product doctrine, and correspondence involving counsel for Defendants is being withheld on the basis of the attorney-client privilege.

    45.    The plaintiffs have filed contemporaneously with these interrogatories their First Request for Production of Documents. As to any *documents* or tangible thing which has not been produced pursuant to said Request for Production of *documents* because it has been destroyed, lost, or no longer in *your* control, please describe the *document* in detail including date of inception and last known date of existence along with a detailed statement regarding the substance and matters covered in said *document.*

**Answer:** Upon information and belief, none.

    46.    Please provide the factual basis for each and every affirmative defense raised in the complaint.

**Answer:** Defendant objects to this interrogatory on the ground that it is overly broad and vague. Further, Defendant objects to this interrogatory on the ground that it seek a legal conclusion.

**As to Objections:**

_____
Cecil H. Macoy, Jr. (MAC 017)
Glenn G. Waddell (WAD013))
Attorneys for Defendants Darrell Emrick and
Garber AG Freight, Inc.

OF COUNSEL:

WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
(205) 870-0555
(205) 871-7534 (Fax)


**As to Responses:**

   I declare that the foregoing is true and correct, except as to those matters as to which I lack personal knowledge, and to those matters I state that they are true and correct to the best of my information, belief and knowledge.

                                           _____
                                           Benjamin E. Garber, President
                                           Garber AG Freight, Inc.


Sworn to and subscribed before me on this 2nd day of May, 2006.

                                           _____
                                           Notary Public:_____
                                           My Commission Expires:_____


                                           **Notary Public-State of Ohio**
                                           **JANET E. McELDOWNEY**
                                           **My Commission Expires 9-20-06**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3rd day of May, 2006, served a copy of the foregoing on all counsel of record by mailing the same by United States Mail, postage prepaid and properly addressed as follows:

Tracy W. Cary, Esq.
Morris, Cary, Andrews, Talmadge, Triggers & Jones, LLC
3334 Ross Clark Circle
P.O. Box 1649 (36302)
Dothan, Alabama 36303

_____
Of Counsel